UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,   Case No. 1:98-cr-195-01

    Plaintiff,   Hon. Richard Alan Enslen

v.

SHERLON ANTHONY HENDERSON,

    Defendant.   **ORDER**

_____/

This matter is before the Court on Defendant Sherlon Anthony Henderson's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. Also before the Court is Defendant's Motion to Proceed *in Forma Pauperis*.

On February 23, 1999, a jury convicted Defendant of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and possessing a firearm with removed or obliterated serial numbers, in violation of 18 U.S.C. § 922(k). In June 1999, Defendant was sentenced to a term of imprisonment of 92 months with an additional term of three years supervised release.

Defendant was released from imprisonment in May 2004, and began his term of supervised release in Benton Harbor, Michigan. On March 4, 2005, the Court revoked Defendant's supervised release and sentenced him to a term of imprisonment of 36 months for his involvement in an armed robbery. Defendant believes he was erroneously sentenced after revocation of his supervised release. The Court agrees.

Pursuant to 18 U.S.C. § 3583(e)(3), the Court is authorized to revoke a defendant's term of supervised release and can require him to serve a term imprisonment of not more than 60 months

for an underlying class A felony, not more than 36 months imprisonment for an underlying class B felony, and not more than 24 months imprisonment for an underlying class C or D felony.

Defendant's underlying felonies, being a felon in possession of a firearm and possessing a firearm with removed or obliterated serial numbers, are classified as C and D felonies respectively. *Id.* at § 3559(a)(3) & (4). The maximum sentence after revocation Defendant could receive is 24 months. *Id.* at § 3583(e)(3). Thus, the Court's March 4, 2005, sentence of 36 months was in error and shall be corrected to 24 months to conform with 18 U.S.C. § 3583(e)(3). An Amended Judgment shall issue in accordance with this Order.

Turning to Petitioner's Motion to Proceed *in Forma Pauperis*, the Court observes that the fee requirements of the Prison Litigation Reform Act of 1995, as clarified in 28 U.S.C. § 1915, do not apply to habeas petitions. *Graham v. U.S. Parole Comm'n*, 132 F.3d 33 (6th Cir. 1997) (unpublished table decision) (citing *Kincade v. Sparkman*, 117 F.3d 949, 951-52 (6th Cir. 1997); *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 810 n.1 (10th Cir. 1997)). However, Defendant is still required to establish that he is indigent and this he has not done. The required filing fee for Defendant's section 2255 Motion is $5.00. Defendant's financial records supporting his Motion to Proceed *in Forma Pauperis* indicate that as of August 20, 2005, he maintained a balance of $7.10. Defendant has the financial means to pay the required filing fee.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Sherlon Anthony Henderson's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Dkt. No. 60) is **GRANTED** and an amended judgment shall issue.

**IT IS FURTHER ORDERED** that Defendant's Motion to Proceed *in Forma Pauperis* (Dkt. No. 58) is **DENIED.**

Dated in Kalamazoo, MI:  /s/Richard Alan Enslen
December 20, 2005  Richard Alan Enslen
  Senior United States District Judge